**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Schaefer, | No. CV-05-1228-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| William Morgan Reuter and Jane Doe Reuter, husband and wife; James Irby Keele and Jane Doe Keele, husband and wife, | |
| Defendants. | |

Pending before the Court is Defendant James Kirby Keele's motion for summary judgment. Dkt. #29. The Court has reviewed the memoranda filed by the parties. Dkt. # 29, 39, 44. For reasons discussed below, the Court will deny Keele's motion.[1]

**I.   Background.**

Defendant held four leases from the Arizona State Land Department for lands in Butler Valley, La Paz County, Arizona (hereinafter "Butler Valley Farm."). Dkt. #30 ¶ 2. The leases prohibited subletting without the written consent of the Arizona State Land

---

[1] The Court will deny Defendants' request for oral argument because the parties have submitted thorough memoranda and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991), *cert denied*, 503 U.S. 920 (1992).

1 Department. *Id.* In both 1996 and 2000, Defendant leased part of the Butler Valley Farm
2 to Oasis Farm Equipment, LLC, whose contact person was William Reuter. *Id.* ¶ 3. The
3 Arizona State Land Department approved these subleases. *Id.* ¶ 4. Defendant allowed
4 Reuter to farm the entire property, including those sections for which Reuter had not entered
5 into a sublease agreement. *Id.* ¶ 7. The primary crop grown on the farm was alfalfa hay. *Id.*
6 ¶ 8. Reuter agreed to make improvements to the entire farm. *Id.* ¶ 9.

7 In June of 2003, Plaintiff contacted Reuter about an advertisement in a newspaper
8 offering the Butler Valley Farm for lease. Dkt. #1 ¶ 14. Plaintiff and Reuter entered into a
9 "Commercial Lease Agreement" on June 17, 2003, and Plaintiff occupied the farm beginning
10 June 26, 2003. *Id.* ¶¶ 16-17. The parties dispute whether Defendant authorized Reuter to
11 execute such a lease, whether Defendant held himself out as a partner of Reuter, and whether
12 Defendant agreed to honor Plaintiff's contract with Reuter even though Plaintiff did not have
13 an official, state-approved sublease on the property. Dkt. #30 ¶¶ 14, 19-21; Dkt. #40 ¶¶ 14,
14 19-21. In October of 2003, Defendant had the La Paz County Sheriff's Department remove
15 Plaintiff from the farm with no advance notice to Plaintiff. *Id.* ¶ 27.

16 The parties dispute the condition of the land once Plaintiff left. Defendant claims the
17 land was reverting to desert, that much of the equipment was broken, and that 800 out of
18 1300 acres of hay were fallow. *Id.* ¶ 28. Plaintiff claims the land was productive, that
19 Defendant had visited the farm many times in the previous months and had expressed
20 satisfaction with the land's condition, and that Reuter was responsible for failing to fix any
21 broken equipment. Dkt. #40 ¶ 28. Additionally, Plaintiff claims that Defendant sold over
22 $150,000 worth of hay that remained on the farm after October of 2003 and kept the profits,
23 while Defendant claims he never received profits from hay left on the farm. Dkt. #30 ¶ 29;
24 Dkt. #40 ¶ 30. Plaintiff filed this federal complaint on April 19, 2004, alleging breach of
25 commercial lease, fraud, consumer fraud, and abuse of process. Dkt. #1.

26 **II.     Legal Standard.**

27 Summary judgment is appropriate if the evidence, viewed in the light most favorable
28 to the nonmoving party, shows "that there is no genuine issue as to any material fact and that

1 the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see*
2 *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might
3 affect the outcome of the suit . . . will properly preclude the entry of summary judgment."
4 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be
5 "such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.
6 Summary judgment may be entered against a party who "fails to make a showing sufficient
7 to establish the existence of an element essential to that party's case, and on which that party
8 will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**III.    Analysis.**

Defendant makes a variety of fact-specific arguments in support of his motion. Plaintiff responds with evidence that Defendant and Reuter were partners and that Reuter had apparent authority to act on Defendant's behalf. The Court concludes that factual issues preclude summary judgment.

Defendant first contends that he was not involved in Reuter's efforts to place an advertisement for a lease of the farm and subsequently to enter into the Commercial Lease Agreement with Plaintiff. Dkt. #29 at 9, 10. Plaintiff responds with an affidavit of George Fietz, a farmhand who worked on the Butler Valley Farm from 1999 through the time Plaintiff occupied the farm. Fietz provides a number of facts, including statements by Defendant, that suggest Reuter and Defendant were partners. Dkt. #40, Ex. C ¶¶ 17, 21, 24. Sworn affidavits from Plaintiff and his son-in-law Jerry Moolick, who ran the farm, also raise questions of fact about a partnership. *Id*., Exs. A, D.

Defendant argues that the Court should not believe these affidavits, but "[c]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. (quotations omitted). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id*.

Defendant argues that even if Reuter and he were partners, Reuter's decision to sign a lease agreement with Plaintiff was outside the ordinary course of partnership business,

1 which was the "growing of agricultural crops" or "farming." Dkt. #44 at 7. If operating the
2 Butler Valley Farm was the ordinary partnership business, however, then an agreement
3 granting Plaintiff the right to grow crops on Butler Valley Farm would appear to fall within
4 that business. *See* A.R.S. § 29-1021. This is particularly true given factual assertions by
5 Plaintiff, Moolick, and Fietz suggesting that Defendant was fully aware and approved of
6 Plaintiff's lease of the Butler Valley Farm.

7 Defendant cites *Jolly v. Kent Realty, Inc.*, 729 P.2d 310 (Ariz. Ct. App. 1986), for the
8 proposition that Plaintiff must produce more evidence of a partnership or apparent authority
9 than Reuter merely holding himself out as Defendant's partner. Plaintiff has done so,
10 presenting evidence that Defendant said he was a partner of Reuter and acted as a partner.
11 This evidence creates a question of fact regarding the extent to which Defendant was
12 involved in the lease agreement between Reuter and Plaintiff.

13 Defendant next contends that he did not plan with Reuter to evict Plaintiff after the
14 Commercial Lease Agreement was signed. Dkt. #29 at 12. Although Plaintiff does not
15 respond to this argument directly, Fietz's affidavit raises disputed questions of fact. Fietz
16 swore that Defendant and Reuter knew Plaintiff expected to receive a large payout from the
17 sale of the October hay cutting, that the banks foreclosed on Reuter's equipment loans around
18 the same time, that Plaintiff was soon after evicted from the farm, and that Defendant sold
19 the hay and kept the proceeds. Dkt. #40, Ex. C ¶ 18.

20 Defendant next argues that the Commercial Lease Agreement between Reuter and
21 Plaintiff was void as a matter of law because Arizona law precludes any sublease of state
22 land without the approval of the Arizona State Land Department and because "[t]he
23 Department shall not approve a sublease of a sublease for state land." Dkt. #29 at 13 (*citing*
24 Arizona Administrative Code, Title 12, Ch. 5, § R12-5-106). It is undisputed that the
25 agreement between Reuter and Plaintiff was not approved by the State Land Department.

26 Plaintiff counters that § R12-5-106 merely makes the Commercial Lease Agreement
27 voidable as to Defendant and Reuter at the option of the State Land Department, not
28 automatically void. *Id.* at 9. The Court agrees. First, while the code section states that "the

department shall not approve a sublease of a sublease," it does not explicitly prevent a sublessor from entering into another sublease. Second, the prohibition on subleasing without written consent of the State Land Department targets the lessor, not the lessee. Third, the code states that the "Department *may* cancel a lease if a sublessee violates a provision of a lease." § R12-5-106(C) (emphasis added). If Plaintiff's facts are true, any other reading of the rule would allow a defendant to ignore § R12-5-106, induce an unwitting farmer to sign the agreement, and then enforce the code to his advantage when the relationship soured or he wanted to reap the benefit of the farmer's work. The Court finds the failure of Defendant to seek approval for the Commercial Lease Agreement does not render it void and warrant summary judgment on the breach of contract claim.

Defendant next argues that the Commercial Lease Agreement is unenforceable because Plaintiff paid no consideration. Dkt. # 29 at 14. Plaintiff, however, presents evidence that he made payments in full and on time to Reuter. Dkt. # 40 ¶ 25.

Defendant further contends that he had the right to evict Plaintiff from the land because he was a trespasser. Dkt. #29 at 14. Obviously, this fact is disputed by Plaintiff's assertion that he entered into a valid agreement with Reuter.

Finally, Defendant argues that he caused Plaintiff no damages and that Plaintiff actually owes him money. This argument reiterates Defendant's assertion that Plaintiff was a trespasser and rests on disputed issues of fact.[2]

---

[2]The Court will not address Defendant's argument that Section 10 of the Commercial Lease Agreement precludes Plaintiff from recovering damages because this argument was raised for the first time in Defendant's reply. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

**IT IS ORDERED:**

1. Defendant Keele's motion for summary judgment (Dkt. #29) is **denied**.

2. The Court will set a final pretrial conference by separate order.

DATED this 6th day of March, 2007.

_David G. Campbell_
United States District Judge